**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GEMINI TRUST COMPANY, LLC; TYLER WINKLEVOSS; and CAMERON WINKLEVOSS,

Petitioners,

v.

MATTHEW HALL,

Respondent.

Case No. ______________

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS' PETITION TO CONFIRM ARBITRATION AWARD**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES....ii
Statement of Facts....1
A. The Gemini Earn Program....1
B. The *Picha* Case and the Resulting Earn Arbitrations....1
C. The Arbitration and the Final Award....2
Argument....3
I. The Court Should Confirm the Arbitration Award....3
A. This Court has Subject Matter Jurisdiction to Confirm the Award....4
B. The Final Award Satisfies All Requirements for Confirmation....4
C. There is no Basis for Vacatur or Modification....5
Conclusion....6

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Badgerow v. Walters*,
596 U.S. 1 (2022) ........................................ 4

*D.H. Blair & Co. v. Gottdiener*,
462 F.3d 95 (2d Cir. 2006) ........................................ 3, 5–6

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
552 U.S. 576 (2008) ........................................ 3, 5–6

*Jules v. Andre Balazs Props.*,
608 U.S. 200 (2026) ........................................ 4

*Phoenix Aktiengesellschaft v. Ecoplas, Inc.*,
391 F.3d 433 (2d Cir. 2004) ........................................ 5

*Picha v. Gemini Trust Co., LLC*,
2024 WL 967182 (S.D.N.Y. Mar. 5, 2024) ........................................ 2, 4

*Tube City IMS, LLC v. Anza Cap. Partners, LLC*,
25 F. Supp. 3d 486 (S.D.N.Y. 2014) ........................................ 3

### Statutes

9 U.S.C. § 9 ........................................ 4

9 U.S.C. § 10 ........................................ 6

9 U.S.C. § 11 ........................................ 6

28 U.S.C. § 1331 ........................................ 4

28 U.S.C. § 1332(a) ........................................ 4

Petitioners Gemini Trust Company, LLC ("Gemini"), Tyler Winklevoss, and Cameron Winklevoss (collectively, "Petitioners") respectfully submit this memorandum of law in support of their petition to confirm the final arbitration award (the "Final Award") entered by Sylvia Mayer, Esq. (the "Arbitrator") on August 11, 2026, resolving an arbitration between Petitioners and respondent Matthew Hall in Petitioners' favor, and to enter judgment thereon.

## STATEMENT OF FACTS

### A. The Gemini Earn Program

As explained in the Final Award, this matter arises from Hall's participation in a commercial lending program called Gemini Earn (the "Earn Program"). Decl. of John F. Baughman (the "Baughman Decl."), Ex. A § E ¶ 7. Through the Earn Program, participants ("Earn Lenders") made commercial loans of cryptocurrency to a third-party borrower, Genesis Global Capital, LLC ("Genesis"). *Id.* § E ¶. In return, Genesis made regular interest payments to Earn Lenders for as long as it retained possession of their cryptocurrency assets. *Id.* § E ¶ 21.

Unfortunately, on November 16, 2022, Genesis defaulted on the loans made to it by Earn Lenders and subsequently filed for bankruptcy. *Id.* § E ¶ 42. Hall ultimately received 100% of his outstanding cryptocurrency assets—a coin-for-coin recovery, which, at that time was valued in the aggregate at $1,630,779.94. *Id.* § E ¶¶ 53–54.

### B. The *Picha* Case and the Resulting Earn Arbitrations

On December 27, 2022, Hall's counsel filed a putative class action on behalf of Earn Lenders (the "*Picha* Case") against Petitioners in the Southern District of New York alleging a variety of claims relating to the Earn Program. *Picha v. Gemini Trust Co., LLC*, Case No. 22-cv-10922 (NRB). Hall was in the putative class alleged in the *Picha* Case. Pet. ¶ 19.

To participate in the Earn Program, all Earn Lenders, including Hall, entered into various agreements with Gemini, including the Gemini User Agreement (the "GUA" and Ex. B to the Baughman Decl.), a Program Terms and Authorization Agreement, and a Master Digital Asset Loan Agreement. Pet. ¶ 13. The GUA has an arbitration clause.

The GUA's arbitration provisions provide in relevant part that:

i. "[I]t is the intent of the parties to be bound by the provisions of the FAA for all purposes, including, but not limited to, interpretation, implementation, enforcement, and administration of this arbitration provision..." GUA at 108;

ii. "[Hall] and Gemini agree that such decisions and awards rendered by the arbitrator shall be final and conclusive." *Id.* at 111;

iii. "[Hall] and Gemini agree that [he] or Gemini may, without inconsistency with this arbitration provision, apply to any court for an order enforcing the arbitral award." *Id.* at 112; and

iv. "[Hall] and Gemini irrevocably and unconditionally agree to waive any objection that [he] or Gemini may now or hereafter have to the laying of venue of any action or proceeding relating to enforcement of the arbitral award in the federal or state courts located in the State of New York." *Id* at 112.

Accordingly, Defendants moved in the *Picha* Case to compel arbitration. On March 5, 2024, the Hon. Naomi Reice Buchwald granted the motion, ordered that the "entire case" be resolved through individual arbitration in accordance with the GUA's dispute resolution provisions, and stayed the case pending "the outcome of the arbitration." *Picha v. Gemini Trust Co., LLC*, 2024 WL 967182, at *15 (S.D.N.Y. Mar. 5, 2024).

### C. The Arbitration and the Final Award

As a result of Judge Buchwald's ruling in *Picha*, Hall filed an individual arbitration (the "Arbitration"), using a form statement of claim prepared by his counsel. Baughman Decl. Ex. E ¶ 6. Hall's claim was assigned to Sylvia Mayer, Esq. and is one of fifteen bellwethers in the mass arbitration arising from the *Picha* Case. *Id.* Ex. A § D.

Hall's arbitration demand asserted a variety of claims and sought a variety of relief,

including to recover (supposedly) "unpaid interest". *Baughman Decl.* Ex. F ¶ 348.

Following extensive litigation, Hall argued in his pre-hearing brief that he was entitled to a total judgment of $1,789,180.32, broken down as follows:

| | |
|---|---|
| Economic damages | $1,473,492.09 |
| Prejudgment interest | $215,688.23 |
| *9% on principal ($1,473,492.09) during 18 month Freeze period* | *$203,642.07* |
| *9% on remaining balance ($203,642.07) after partial payment through today* | *$12,046.16* |
| Non-economic damages (NEID claim) | $100,000.00 |
| **Total Judgment** | **$1,789,180.32** |

Pet. ¶ 27.

On August 11, 2026, the Arbitrator issued the Final Award, which was transmitted on September 24, 2026. The Final Award denied all of Hall's claims except his claim under New York General Business Law § 349, on which Hall was awarded $50 in statutory damages. The Final Award has an immediate "cash value" of $1,789,130.32 to Petitioners—the $1,789,180.32 amount sought by Hall less the $50 awarded. It is a cost avoided.

Petitioners now respectfully submit their request to confirm the Final Award.

## ARGUMENT

### I. The Court Should Confirm the Arbitration Award

"The FAA provides a 'streamlined' process for a party seeking a 'judicial decree confirming an [arbitration] award.'" *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 25 F. Supp. 3d 486, 491 (S.D.N.Y. 2014) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). For this reason, confirmation of an arbitration award is ordinarily "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). Summary confirmation of the

Final Award is appropriate here.

### A. This Court has Subject Matter Jurisdiction to Confirm the Award

This Court has jurisdiction to enforce an arbitration award if a "jurisdictional basis" appears on "the face of the application itself." *Badgerow v. Walters*, 596 U.S. 1, 8 (2022). Here, there are two independent bases for this Court's jurisdiction. *First*, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties' citizenship is completely diverse, *see* Pet. ¶¶ 4–7, and the amount in controversy exceeds $75,000. *Id.* ¶¶ 27–28; *see also* Baughman Decl., Ex. F ¶ 348.

*Second*, this Court has jurisdiction under 28 U.S.C. § 1331. When a federal court stays proceedings pending arbitration, the federal courts have continuing jurisdiction over any "resulting arbitral award." *Jules v. Andre Balazs Props.*, 608 U.S. 200, 201 (2026). Both Hall's Arbitration and the *Picha* Case involved claims relating to the Earn Program, and Hall's statement of claim specifically alleged the *Picha* Case as a basis for his claim. Baughman Decl., Ex. E. The Final Award is a "resulting award" under *Jules*, and this Court has subject matter jurisdiction to enforce this award.

### B. The Final Award Satisfies All Requirements for Confirmation

Section 9 of the Federal Arbitration Act (the "FAA") sets forth the conditions necessary for judicial enforcement of arbitration awards:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. All of those conditions are satisfied here.

*First*, the FAA's requirement that the parties "agreed that a judgment of the court shall be entered upon the award" is satisfied when, as here, (i) the arbitration agreement provides that the arbitration award shall be final and conclusive, and (ii) the parties fully participated at arbitration. *Phoenix Aktiengesellschaft v. Ecoplas, Inc.*, 391 F.3d 433, 436 n. 2 (2d Cir. 2004). The record is clear that Hall extensively litigated his position at arbitration, *see e.g.* Baughman Decl., Ex. A, and the parties agreed that the Final Award would be "final and conclusive," GUA at 111.

*Second*, this action is timely brought because the date on which it was filed (October 1, 2026) is "within one year" of the date that the Final Award was rendered (August 11, 2026). Baughman Decl., Ex. A.

*Third*, the GUA "so specified" this Court as the venue to confirm the Final Award, because the parties agreed in that contract to "irrevocably and unconditionally . . . waive any objection that [they] may now or hereafter have to the laying of venue of any action or proceeding relating to enforcement of the arbitral award in the federal or state courts located in the State of New York." GUA at 112.

*Fourth*, Hall has not moved to modify or vacate the final award, nor are any of the conditions warranting modification or vacatur present here. Baughman Decl. ¶¶ 4–5; Pet. ¶¶ 31–32.

**C. There is no Basis for Vacatur or Modification**

Notwithstanding that Hall has not sought to vacate or modify the Final Award, the Court has an independent obligation to confirm that there is no basis for doing so on the record before it. *D.H. Blair*, 462 F.3d at 109. No such basis exists here.

"Under the terms of § 9, a court '***must***' confirm an arbitration award" unless vacatur or modification are warranted. *Hall St.*, 552 U.S. at 583 (emphasis added). The FAA identifies the

exclusive bases for setting aside an arbitration award, and a court considering a motion to enforce an arbitration award may not consider any grounds to modify or vacate an arbitration award except those enumerated by the FAA. *Id.* at 584. "A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *D.H. Blair*, 462 F.3d at 110.

To vacate an arbitration award, the movant must show: (i) that the award was "procured by corruption, fraud, or undue means"; (ii) the "evident partiality" of the arbitrator; (iii) misconduct on the part of the arbitrator related to scheduling hearings, hearing evidence, or "any other misbehavior by which the rights of any party have been prejudiced;" or (iv) that the arbitrator "exceeded their powers" or executed them "so imperfectly" that no "mutual, final, and definite award" was rendered. 9 U.S.C. § 10. An arbitration award may be modified upon a showing (i) of a miscalculation or "evident material mistake;" (ii) that the award was rendered upon a matter not submitted to the arbitrator; or (iii) that the "award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.

None of these grounds are implicated on this petition. To the contrary, the Arbitration was a fair and thorough proceeding overseen by an experienced arbitrator who rendered a thorough and well-reasoned opinion after hearing held over six days which considered a record of over 1,200 designated exhibits. Against these facts, the FAA mandates confirmation of the Final Award.

## CONCLUSION

For the foregoing reasons, this Court should enter a judgment confirming the Final Award.

Dated: New York, New York
October 1, 2026

BAUGHMAN KROUP BOSSE PLLC

By: <u>*/s/ John F. Baughman*</u>

John F. Baughman
One Liberty Plaza, 46th Floor
New York, NY 10006
(212) 548-3212
jbaughman@bkbfirm.com

*Attorney for Gemini Trust Company, LLC, Cameron Winklevoss, and Tyler Winklevoss*

## WORD COUNT CERTIFICATION

I hereby certify that the word count of this memorandum complies with the word limits of Local Civil Rule 7.1(c) of the District Court for the Southern District of New York. According to the word-processing system used to prepare this memorandum, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c) is 1,773 words.

Dated: October 1, 2026

*/s/ John F. Baughman*
John F. Baughman