KIM & SERRITELLA LLP

James R. Serritella
T/F: 212-960-8345
jserritella@kandslaw.com

October 15, 2026

**By ECF**

Hon. Paul A. Engelmayer
U.S. District Court, Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 1305
New York, NY 10007

*Re: Herman and Evdokimova v. Gemini Trust Company, LLC, et al, No. 1:26-cv-06225; Gemini Trust Company, LLC, et al v. Cheung, No. 1:26-cv-07385; and Gemini Trust Company, LLC, et al v. Hall, No. 1:26-cv-08683*

Dear Judge Engelmayer:

This firm represents Michael Herman, Daria Evdokimova, Howard Cheung and Matthew Hall (the "Earn Claimants") in their respective above-captioned actions (the "Actions"). The Earn Claimants oppose Gemini's letter motion, dated October 1, 2026 (the "Motion") seeking consolidation under Rule 42(a) of the Federal Rules of Civil Procedure. As set forth below, the Court must determine whether it has subject matter jurisdiction to hear each of the Actions before it can rule on a motion to consolidate. Accordingly, the issue of subject matter jurisdiction cannot be consolidated as a matter of law.

Subject matter jurisdiction is a threshold issue and it is black letter law that a court cannot address any issue in a case until it determines it has jurisdiction over the case. *See Roistacher v. Bondi*, 624 F. App'x 20, 22-23 (2d Cir. 2015) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the Court is that of announcing the fact and dismissing the cause.") (internal quotation marks omitted); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks omitted). As the Second Circuit has held, a court must "consider the jurisdictional basis of each complaint separately" before addressing consolidation under Rule 42(a). *Cole v. Schenley Indus., Inc.*, 563 F.2d 35, 38 (2d Cir. 1977); *see also Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) ("the district court lacked subject-matter jurisdiction over Capps's claims against Newmark pre-consolidation, so it lacked the power to consolidate the lawsuits in the first place") (citing *Steel Co.* 523 U.S. 83, 94-95).

In addition, several courts have held that purportedly improperly removed actions, such as the Herman/Evdokimova Action, cannot be the subject of a consolidation motion under Rule 42(a)

because they are not actions "before the court," as the rule requires. *Nationwide Gen. Ins. Co. v. Cela*, No. 16-cv-2054 (SRU), 2017 U.S. Dist. LEXIS 539, at *7 (D. Conn. Jan. 4, 2017) ("Federal Rule of Civil Procedure 42(a), which authorizes consolidation, requires that *both* actions be pending before the court, and an improperly removed action does not meet that criterion") (internal quotations omitted). *ACR Energy, LLC v. Polo N. Country Club, Inc.*, 309 F.R.D. 193, 194-95 (D.N.J. 2015) ("[A]n action that has allegedly been improperly removed, as Polo North argues here, fails to constitute an action 'before the court' for purposes of consolidation" under Rule 42(a)); *United States use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) ("The district court therefore did not acquire jurisdiction over the improperly removed *Brandt* case by consolidating it with the related and properly filed *Owens-Corning* case").

None of the cases Gemini cites in its Motion concern subject matter jurisdiction. Moreover, the *Worldcom* cases Gemini cites do not even consider motions for consolidation under Rule 42(a) and instead involve a bankruptcy court evaluating artful pleading and asserting federal question jurisdiction.

Gemini's reference to the *Abramow* action, pending in the District of New Jersey (the "D.N.J.") and not this Court, is a non-sequitur and irrelevant to the Motion. In that action, there is both a pending motion to remand to the Superior Court of New Jersey and a pending motion to transfer before the D.N.J. Only if the D.N.J. grants the motion to remand will it then proceed to address the pending motion to transfer, which Abramow would oppose. Thus, Gemini's presumption that it "expects Abramow to put forward identical jurisdictional arguments when that matter is transferred to this Court" is disingenuous. There is no guarantee the *Abramow* action will end up here and even it did, the D.N.J. would already have addressed subject matter jurisdiction.

Lastly, the Earn Claimants note that Gemini has not sought to consolidate the Actions in full. If Gemini seeks to do so at a later date (assuming the Court determines it has subject matter jurisdiction over the Actions), the Earn Claimants reserve their right to oppose such a motion. Indeed, there are variations among the Actions and their bases for vacatur that weigh against consolidation. For example, in the Herman/Evdokimova Action, a Nevada arbitrator improperly dismissed the arbitration without holding a hearing and in doing so ignored a controlling Bankruptcy Court order (the "Bankruptcy Order"). Conversely, in the Hall Action, a Texas arbitrator ruled that Gemini violated New York General Business Law § 349 ("GBL 349") and was negligent, but declined to award damages in excess of the statutory minimum because of her interpretation of the Bankruptcy Order. However, that very order is subject to a pending appeal and, if overturned, it would undoubtedly provide a basis for vacatur of the arbitrator's decision on damages in the Hall Action. As to the Abramow action (which as stated above does not have any place here), the arbitrator also determined that Gemini violated GBL 349 and awarded attorneys' fees to Abramow. However, Abramow's main challenge to the award is the arbitrator's improper dismissal of the New Jersey Consumer Fraud Action claim as purportedly precluded by a choice of law clause, which was erroneous as a matter of New Jersey public policy, among other things.

For the above reasons, the Earn Claimants respectfully request that the Court deny the Motion.

Respectfully submitted,

James R. Serritella