UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEMINI TRUST COMPANY, LLC, *et al.*,<br>Petitioners,<br>-v-<br>MATTHEW HALL,<br>Respondent. | 26 Civ. 8683 (PAE)<br><br>ORDER |
| GEMINI TRUST COMPANY, LLC, *et al.*,<br>Petitioners,<br>-v-<br>HOWARD CHEUNG,<br>Respondent. | 26 Civ. 7385 |
| DARIA EVDOKIMOVA, *et al.*,<br>Petitioners,<br>-v-<br>GEMINI TRUST COMPANY, LLC, *et al.*,<br>Respondents. | 26 Civ. 6225 |

PAUL A. ENGELMAYER, District Judge:

Before the Court is a request by Gemini Trust Company, LLC, Tyler Winklevoss, and Cameron Winklevoss (together, "Gemini") to consolidate three related actions for purposes of resolving challenges to subject matter jurisdiction. The Court declines to consolidate the actions at this time. It will, however, consider the jurisdictional motions in tandem, while determining independently whether subject matter jurisdiction exists in each action.

## I. Background

On December 27, 2022, a putative class action was filed against Gemini Trust Company, LLC ("Gemini"), a New York-based crypto asset exchange and lending platform, Tyler Winklevoss, and Cameron Winklevoss. *Picha v. Gemini Trust Co.*, No 22 Civ. 10922, Dkt. 1 (S.D.N.Y. Dec. 27, 2022). On March 5, 2024, Judge Buchwald granted Gemini's motion to compel arbitration. *See Picha v. Gemini Trust Co., LLC*, No. 22 Civ. 10922, 2024 WL 967182, at *15 (S.D.N.Y. Mar. 5, 2024). The three proceedings now before this Court concern separate awards, issued by separate arbitrators, in cases brought by persons within the putative class.

In *Evdokimova v. Gemini Trust Company, LLC*, an arbitrator issued an award in Gemini's favor on April 17, 2026. No. 26 Civ. 6225, Dkt. 1 Exh. 1 (S.D.N.Y. July 22, 2026). Herman and Evdokimova petitioned to vacate the award in New York State Supreme Court in Mahattan. *Id.* Dkt. 1 Exh. 4. Gemini removed the proceeding to this Court, and Herman and Evdokimova moved to remand, arguing that this Court lacks subject matter jurisdiction. *Id.* Dkts. 1, 11. Briefing on that motion was completed in September 2026. *Id.* Dkt. 16.

In *Gemini Trust Company, LLC v. Cheung*, an arbitrator issued an award in Gemini's favor on August 12, 2026. No. 26 Civ. 7385, Dkt. 7 Exh. 1 (S.D.N.Y. Aug. 31, 2026). Gemini petitioned this Court to confirm the award. *Id.* Dkt. 1. Cheung moved to dismiss for lack of subject matter jurisdiction. *Id.* Dkt. 14. As of October 30, 2026, briefing on that motion is complete. *Id.* Dkts. 13, 19.

In *Gemini Trust Company, LLC v. Hall*, an arbitrator issued an award in Gemini's favor on August 11, 2026. No. 26 Civ. 8683, Dkt. 7 Exh. 1 (S.D.N.Y. Oct. 1, 2026). Gemini petitioned to confirm that award. *Id.* Dkt. 1. Gemini anticipates that Hall will likewise challenge subject matter jurisdiction in its motion to dismiss.

Gemini asks the Court to consolidate the three actions for the purpose of adjudicating their jurisdictional challenges. The claimants oppose that request, arguing that the Court must establish its jurisdiction over each action before ordering consolidation. They also note differences among the arbitration awards and the grounds on which the awards may be challenged.

## II. Discussion

Federal Rule of Civil Procedure 42(a) authorizes a district court, when actions before it involve a common question of law or fact, to "join for hearing or trial any or all matters at issue in the actions," to "consolidate the actions," or to "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Court has broad discretion in determining how best to coordinate related proceedings, taking account of judicial economy and the interests of the parties. See *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir. 1990).

That discretion does not, however, alter the requirement that subject matter jurisdiction be found independently in each action. Consolidation "cannot effect a merger of the actions or the defenses of the separate parties," and a court must "consider the jurisdictional basis of each complaint separately." *Cole v. Schenley Indus., Inc.*, 563 F.2d 35, 38 (2d Cir. 1977). Thus, the Court cannot rely on jurisdiction over one action as a basis for exercising jurisdiction over another.

But the requirement of an individualized jurisdictional determination does not require that overlapping jurisdictional questions be considered in isolation. Rule 42(a) expressly permits a court to join matters for hearing without consolidating the underlying actions. And courts may coordinate the resolution of common threshold questions while preserving the separate

jurisdictional posture of each case. See *ACR Energy Partners, LLC v. Polo N. Country Club*, Inc., 309 F.R.D. 193, 194–95 (D.N.J. 2015) (declining to consolidate actions for all purposes while providing for a single decision addressing their common jurisdictional issue).

Here, the three actions arise from related arbitrations and present overlapping questions concerning federal jurisdiction. Coordinated consideration of those questions will conserve judicial resources and reduce the risk of inconsistent analysis. At the same time, the proceedings differ in material respects: Herman and Evdokimova seek remand of a removed action, whereas Gemini originally filed the *Cheung* and *Hall* confirmation proceedings in federal court. The Court must assess the jurisdictional issue in each matter on its terms.

The Court therefore declines to order formal consolidation. Instead, it will consider the jurisdictional motions in tandem and, as appropriate, address common questions in coordinated rulings.

**CONCLUSION**

For the reason above, the Court denies Gemini's request to consolidate the three actions for purposes of resolving subject matter jurisdiction. The actions shall remain separate, and the parties shall continue to file submissions under their respective docket numbers. The Clerk of Court is respectfully directed to docket this order in Nos. 26 Civ. 8683, 26 Civ. 7385, and 26 Civ. 6225, and to terminate the pending requests for consolidation.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: November 2, 2026
New York, New York